## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RONALD DEMETRIUS THOMAS,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-11-1049 |
| | | Criminal No. RWT-06-0405 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

Pending is Petitioner Ronald Thomas's Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.  Upon review of the papers filed, and for the reasons stated below, the Court will deny Thomas's motion and his requests for an evidentiary hearing and discovery.

## BACKGROUND

On August 11, 2004, Thomas was arrested with a backpack containing over 50 grams of crack cocaine and 126.3 grams of cocaine hydrochloride. Plea Agreement, Govt. Resp. Ex. 1 at 9, ECF No. 155-1 at 9. On September 11, 2006, Thomas was indicted by a federal grand jury in the United States District Court for the District of Maryland. He was charged with three drug offenses under 21 U.S.C. § 841. Revised Presentence Report, Govt. Resp. Ex. 3 at 4, ECF No. 155-3 at 4. On October 16, 2007, Thomas pled guilty to Count Two of the indictment, which charged him with distribution of 50 grams or more of cocaine base. Tr. of Rule 11 Colloquy, Govt. Resp. Ex. 2 at 4-9, ECF No. 155-2 at 4-9. His plea agreement found the base offense level to be 32. ECF No. 155-1 at 4. However, the agreement specified that, if Thomas were determined to be a career offender pursuant to U.S.S.G. § 4B1.1, the base offense level

would increase to 37. *Id.* The agreement also provided that the government did not object to reducing his offense level by two levels. *Id.* Thomas was informed during the Rule 11 colloquy that his classification as a career offender would not be determined before a Presentence Report ("PSR") was submitted in advance of his sentencing hearing. ECF No. 155-2 at 10-11, 26.

The plea agreement also provided that the government waived its right to file a 21 U.S.C. § 851 enhancement notice. ECF No. 155-1 at 5. Under Section 851, if an enhancement notice had been filed and the case went to trial and Thomas were convicted, the Court would be required to impose a sentence of life imprisonment without parole. *See* Tr. of Hr'g on Mot. to Withdraw Guilty Plea and Sentencing, June 4, 2008, ECF No. 155-7 at 89-94. However, in exchange for Thomas's plea of guilty to Count Two, the Government waived this enhancement right. ECF No. 155-1 at 5. Additionally, by signing the plea agreement, Thomas waived his right to a direct appeal of any sentence imposed by the Court within or below the range stipulated by the guidelines for an offense level of 35. *Id* at 6.

In a letter filed on November 6, 2007, Thomas submitted a *pro se* motion to withdraw his guilty plea. *Pro Se* Mot. to Withdraw Guilty Plea, Govt. Resp. Ex. 4, ECF No. 155-4.   On December 19, 2007 and January 3, 2008, Thomas filed *pro se* supplements to his original motion to withdraw his guilty plea. Supplement to Mot. to Withdraw Guilty Plea, Dec. 19, 2007, Govt. Resp. Ex. 5, ECF No. 155-5; Supplement to Mot. to Withdraw Guilty Plea, Jan. 3, 2008, Govt. Resp. Ex. 6, ECF No. 155-6. On January 29, 2008, the Court entered an Order granting defense counsel Louis Martucci's motion to withdraw from the case. ECF No. 83. The docket reflects that on January 31, 2008, attorney Edward Sussman's appearance was entered as Thomas's new

counsel. ECF No. 84. On February 25, 2008, Sussman filed a Supplemental Memorandum in Support of Thomas's *Pro Se* Motion to Withdraw his Guilty Plea. ECF No. 88.

The Presentence Report dated December 19, 2007 categorized Thomas as a career offender within the meaning of U.S.S.G. § 4B1.1, establishing an offense level of 37. ECF No. 155-3 at 6.  Relying on his prior convictions, the PSR calculated a criminal history category of VI based on a total of fifteen criminal history points, or alternatively "two prior felony convictions involving controlled substance offenses." *Id.* at 6-12.  Because Thomas moved *pro se* to withdraw the guilty plea, he lost the two-point reduction in his offense level for accepting responsibility. *Id.* at 6; Tr. of Hr'g on Mot. to Withdraw Guilty Plea and Sentencing, Ex. 8 at 18-19, ECF No. 155-8 at 18-19.

At a June 5, 2008 hearing, this Court denied Thomas's motion to withdraw his plea and sentenced Thomas to 400 months' imprisonment and five years of supervised release. ECF No. 155-8 at 31-32. On December 4, 2009, the U.S. Court of Appeals for the Fourth Circuit affirmed this Court's denial of Thomas's motion to withdraw the guilty plea. *United States v. Thomas*, 355 F. App'x 690 (4th Cir. 2009). The Fourth Circuit held that this Court did not abuse its discretion and that the "Rule 11 hearing was extensive, as was the subsequent hearing on the motion to withdraw." *Id.* at 691-92. The Fourth Circuit "found no credible evidence of ineffective assistance of counsel, undue pressure or actual innocence." *Id.*

On April 22, 2011, Thomas filed a "placeholder" Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and a Motion for Leave to File an Amended Motion Pursuant to 28 U.S.C. § 2255.  ECF Nos. 139 & 140. On September 14, 2011, the Court granted Thomas's Motion for Leave to File an Amended Motion Pursuant to § 2255 and granted the Government

an extended deadline to respond.  ECF No. 145. On January 6, 2012, Thomas filed an Amended

Motion to Vacate Sentence, arguing that his conviction and sentence violated his Sixth

Amendment right to assistance of counsel. Mem. in Supp. of Am. Mot. to Vacate Sentence

Pursuant to 28 U.S.C. § 2255, ECF No. 152-1.[1] Thomas claims that he received ineffective

assistance of counsel from both Louis Martucci, who represented him at the plea bargaining

stage, and Edward Sussman, who represented him at the hearing to withdraw his guilty plea and

subsequent sentencing, although Thomas does not clearly distinguish between the two in his

memorandum in support of his motion. *See id.* Thomas alleges that his counsel failed to review

and challenge the criminal history that was used to determine his career offender status, should

have negotiated a more favorable plea agreement on his behalf, failed to properly advise him on

the repercussions of moving to withdraw his guilty plea, and committed multiple errors that

ultimately prejudiced his sentencing.  *Id.*

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside,

or correct a sentence, "claiming the right to be released upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Under

28 U.S.C. § 2255(b), the Court may deny the motion without an evidentiary hearing if "the

motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[1] Thomas also reiterates a number of claims originally lodged in his placeholder motion, such as violations of his Fifth Amendment Due Process rights and his rights under the First, Fourth, and Eighth Amendments to the Constitution. ECF No. 152 at 11-13. However, Thomas does not elaborate on these claims in the memorandum supporting his motion, and he does not allege particular facts in support of these claims or describe them in enough detail for this Court to assess them.

relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

I.     **Thomas's Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are analyzed under the two-part test described in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which the Fourth Circuit has adopted, *see, e.g.*, *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). First, the defendant must show that the attorney's performance or actions were objectively unreasonable. *Strickland*, 466 U.S. at 687. This element "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The Court must "evaluate the conduct [at issue] from counsel's perspective at the time," and it "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

Second, the defendant must also demonstrate that the defendant suffered prejudice from his attorney's performance. *Id*. at 687. The "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.; *see also Marlar v. Warden, Tyger River Corr. Inst.*, 432 Fed. Appx. 182, 188 (4th Cir. 2011).  For a defendant like Thomas who has entered a guilty plea and now seeks to attack that plea, to sufficiently demonstrate prejudice from ineffective assistance of counsel, Thomas "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Hooper v. Garraghty*, 845 F.2d 471, 475-76

(4th Cir. 1988) (holding that petitioner failed to establish that there was a reasonable probability he would have gone to trial rather than plead guilty).

Thomas's allegations do not meet either prong of the *Strickland* standard. Counsel provided reasonable assistance well within the norm of the profession. Even if his counsel were deemed deficient, Thomas has not shown that he was prejudiced. Thomas raises four main arguments to show that his counsel was ineffective and that he was prejudiced from objectively unreasonable assistance. He alleges that (1) counsel did not adequately research and challenge a prior conviction that supported his classification as a career offender; (2) counsel did not attempt to negotiate a more favorable plea agreement; (3) counsel did not advise Thomas not to withdraw his guilty plea or inform him that doing so would cost him his two-point offense level reduction; and (4) counsel committed a multiplicity of errors that cumulatively prejudiced Thomas. Each of these claims lacks merit.

### A.  Thomas's Status as a Career Offender

Thomas alleges that counsel's performance was objectively unreasonable during the sentencing process because counsel failed to challenge a 1994 conviction in Prince George's County that the Presentence Report used in paragraph 52 to calculate his status as a career offender. ECF No. 152 at 18-19. Thomas argues that this conviction "was actually for simple possession instead of Possession with Intent to Distribute." *Id*. at 18. Thomas believes that without his counsel's alleged error, "there is a reasonable probability that the Career Offender enhancement would not have been applied" to his sentence because he would not have had two previous felony drug convictions required to qualify as a career offender. *See* ECF No. 152-1 at 39.

Thomas's reasoning is unfounded because the records of the Circuit Court for Prince George's County, Maryland show that Thomas was convicted for and pled guilty to possession of cocaine with intent to distribute, not simple possession. *See* Docket Record for Case CT931309X (filed July 23, 1993).[2] At the hearing considering Thomas's motion to withdraw his guilty plea, Martucci testified that he had discussed with Thomas his criminal history and the possible implications of his previous convictions on his sentence. *See* ECF No. 155-7 at 123-25. The conduct of counsel was objectively reasonable in not challenging the classification of Thomas's 1994 conviction, as the records show that the conviction was for possession of cocaine with intent to distribute.

In addition, courts use the Rule 11 colloquy as a means for curing potential deficiencies of counsel in discussing with a defendant his potential sentence and ensuring that the defendant is not prejudiced in his plea. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). The transcript of the Rule 11 colloquy in this case reveals that the Court performed an extensive and exhaustive hearing where Thomas indicated that he understood the scope of the agreement and his potential classification as a career offender. *See* ECF No. 155-2. The Court also informed Thomas that his conviction for distribution of 50 grams or more of cocaine base held a minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment. ECF No. 155-2 at 27. During a Rule 11 colloquy, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Even if the assistance given by Martucci had been ineffective, the comprehensive Rule 11 colloquy ensured

---

[2] http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CT931309X&loc=65&detailLoc=PG; ECF No. 152-2 at 21-23

that Thomas was not prejudiced by any deficiencies in failing to explain to Thomas the possible sentence to be imposed following the entry of his guilty plea.

### B.  Thomas's Plea Agreement

Thomas's second argument, that counsel failed to negotiate a more favorable plea agreement, is groundless. Thomas asserts that "the record fails to demonstrate that counsel ever seriously, professionally and successfully negotiated with the government for a favorable plea agreement for Mr. Thomas." ECF No. 152-1 at 45. This is simply not true. As the Court noted at the hearing on Thomas's motion to withdraw his guilty plea, the plea agreement, in particular the Government's waiver of a Section 851 enhancement, was a significant accomplishment for defense counsel. ECF No. 155-8 at 7-8. If the Government had proven at trial the charges in its indictment after giving notice of his two previous felony drug convictions, the Court would have had no choice but to impose a life sentence, *see* 21 U.S.C. § 841(b)(1)(A), as the Court explained at the hearing on Thomas's attempt to withdraw his guilty plea, ECF No. 155-7 at 89-94. In addition to the Section 851 waiver, the plea agreement provided a two-point reduction in the overall offense level for acceptance of responsibility, the benefit of which Thomas lost by moving to withdraw his guilty plea. Thomas benefitted substantially from counsel's negotiated plea agreement. In fact, Thomas made his own situation substantially worse by trying to withdraw his plea. Counsel easily surpassed an objective standard of reasonableness.

Nor would this alleged shortcoming rise to the level of prejudice necessary to satisfy the second prong of the *Strickland* standard. For Thomas to successfully argue prejudice under the present circumstances, he must show that but for counsel's deficiencies, it was reasonably probable that he would not have accepted the agreement and would have otherwise gone to trial.

*See Hill*, 474 U.S. at 58-59. In the comprehensive Rule 11 colloquy with the Court, Thomas affirmed that he understood the terms of the agreement waiving his right to go trial, had discussed it with his counsel, was satisfied with his counsel, and was not under the influence of drugs or alcohol. ECF No. 155-2 at 5-8. This colloquy ensured that Thomas did not accept the plea against his will. The plea was not a result of prejudice, but a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56. To consider Thomas's arguments to the contrary would only make matters worse for him. In his later attempts to show that he was under the influence of drugs at the plea hearing, Thomas tries to contradict statements he had made to the Court under penalty of perjury. *See* ECF No. 155-7 at 18-21, 88-89. This Court already found Thomas's guilty plea to be knowing and voluntary, *see* ECF No. 155-8 at 11-12, and Thomas has not offered any new factual allegations sufficient to contradict that finding.

Ultimately, Thomas defeats his own claim by arguing that it was "futile and counter productive [sic]" to move to withdraw his plea. ECF No. 152-1 at 53. Thus, Thomas argues first that his counsel did not secure a favorable plea deal and second that counsel secured a favorable plea deal but failed to inform Thomas about how favorable it was when he tried to withdraw from it. Counsel acted reasonably in obtaining the plea agreement for Thomas, and he fails to show prejudice from accepting the agreement.

### C.  Thomas's Motion to Withdraw the Plea

Thomas's third allegation, that his counsel did not adequately advise him on the futility of withdrawing the plea, is patently unsound. Thomas himself handwrote and mailed to chambers his motion to withdraw the guilty plea.  ECF No. 155-4. Thomas does not even allege

that he gave counsel the opportunity to provide assistance before he filed his *pro se* motion. Accordingly, this argument must be rejected.

### D.  Multiple Errors

Thomas offers the catch-all claim that he was prejudiced by the "cumulative impact of the multiple deficiencies and errors" of his counsel, which the Court understands to mean the cumulative effect of the individual charges already discussed. ECF No. 152-1 at 48 (emphasis removed). Claims regarding ineffective assistance of counsel, however, are reviewed individually, not collectively. *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998). This Court has already determined that each of Thomas's individual arguments is without merit. He cannot add them together to create an actionable ineffective assistance of counsel claim. *Id.*

### II.    <u>Supplements to the Amended § 2255 Motion</u>

In three supplemental documents, Thomas asks the Court to consider the applicability of four cases to his Amended Motion to Vacate under § 2255. ECF No. 159; ECF No. 160; ECF No. 170. The Court has considered these cases, and finds that none of them compels the Court to reach a different outcome.

Thomas suggests the Court consider *DePierre v. United States*, 131 S. Ct. 2225 (2011). ECF No. 159. In *DePierre*, the Supreme Court held that "the term 'cocaine base' as used in [21 U.S.C.] § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." 131 S. Ct. at 2237. This case's expansive interpretation of the meaning of "cocaine base" does not affect Thomas's sentence. Thomas also asks the court to consider *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). ECF No. 160. In *Lafler*, the Supreme Court found that a criminal defendant was prejudiced by counsel's unreasonable

10

performance in advising the defendant to reject a plea and go to trial. 132 S. Ct. at 1391. In *Frye*, the Supreme Court found that defense counsel acted unreasonably in failing to communicate the prosecution's plea offer to the defendant before the offer expired. *Frye*, 132 S. Ct. at 1410-11. These decisions were based on very different facts than those at issue in this case.  Here, counsel communicated the plea offer to Thomas and advised him to take it, and there are no allegations of counsel failing to communicate a plea offer to Thomas. Neither *Lafler* nor *Frye* applies here.

Finally, Thomas requests that the Court consider *United States v. Merced*, 603 F.3d 203 (3rd Cir. 2010). ECF No. 170. In this case, the U.S. Court of Appeals for the Third Circuit found the district court to be in error in imposing a more lenient sentence than what the Sentencing Guidelines suggested without fully explaining a policy disagreement with the guidelines or fully explaining why a variant sentence "would not contribute to unwarranted sentencing disparities pursuant to [18 U.S.C.] § 3553(a)(6)." *Merced*, 603 F.3d at 209, 222, 225. Unlike the defendant in *Merced*, Thomas's sentence fell within the guidelines range. In addition, the Fourth Circuit has already held that this Court "clearly articulated its consideration of the § 3553(a) factors" at sentencing. *Thomas*, 355 F. App'x at 692; *see* ECF No. 155-8 at 28-31. As a result, none of these cases assists Thomas's motion to vacate his sentence.

### III.   An Evidentiary Hearing and Discovery Are Unnecessary

Thomas's request to hold an evidentiary hearing on the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 will be denied. "[W]hen Rule 11's safeguards are afforded to a defendant, an evidentiary hearing will indeed be rare." *United States v. White*, 366 F.3d 291, n.4 (4th Cir. 2004). The motion, files, and records show that Thomas was not denied ineffective

assistance of counsel in violation of his Sixth Amendment rights. Thomas is not entitled to an evidentiary hearing.

Thomas's request for discovery will also be denied, as he has not demonstrated "good cause" under Rule 6 of the Rules Governing 2255 Proceedings. *Ramey v. United States*, CRIM. RWT 09-162, 2012 WL 3775872, *2 n.3 (D. Md. Aug. 29, 2012). Good cause "exists when there is 'reason to believe that [the petitioner] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* (quoting *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997)). As the discussion above makes clear, Thomas has failed to make this showing.[3]

## CERTIFICATE OF APPEALABILITY

Thomas may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Thomas has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

---

[3] Thomas also requests the appointment of counsel "for discovery and [an] evidentiary hearing." ECF No. 152 at 24. However, Thomas "has not demonstrated that his petition involves exceptional circumstances such that the appointment of counsel is warranted," and "neither discovery nor a hearing is necessary." *Vasquez v. United States*, CIV.A. DKC 10-3228, 2014 WL 823750, *1 n.3 (D. Md. Feb. 28, 2014)(citations omitted). Thus, this request will also be denied.

This Court has assessed the claims in Thomas's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Thomas's claims, and therefore no certificate of appealability shall issue.

## CONCLUSION

For the aforementioned reasons, Thomas's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 will be denied and no certificate of appealability shall issue.  A separate Order follows.


Date: <u>September 11, 2014</u>                    <u>        /s/        </u>
                                                   ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE